IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

BRIAN LESLIE,

    Plaintiffs,                    CIVIL NO. 15-4424(NLH)(JS)

    v.

                                    MEMORANDUM
BEECH WOOD HART VENTURES,        OPINION & ORDER
LLC, et al.,

    Defendants.

---

**HILLMAN, District Judge**

    This matter having come before the Court by way of its sua sponte review of defendants' notice of removal, Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'"); and

    Defendants having removed plaintiff's complaint from New Jersey Superior Court, Chancery Division, Burlington County; and

    Plaintiff having filed a foreclosure complaint against defendants because of defendants' alleged default on their mortgage; and

    Defendants contending that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because their counterclaims and

third-party complaint[1] arise under federal law, including violations of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) ("RESPA"), among other federal laws; but

The Court noting that removal of a case from state to federal court is governed by 28 U.S.C. § 1441, and § 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal jurisdiction is honored, Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); and

The Court also noting, "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); and

The Court further noting that it is well-settled that "a

---

[1] It appears that defendants filed their answer, counterclaims, and third-party complaint in this Court after removal.  Whether any third-party defendant could remove that piece of the case based on 28 U.S.C. § 1331 is questionable.  See Target Nat. Bank v. Campanella, 2013 WL 5284929, *1 (D.N.J. 2013) (discussing the propriety of removing a third-party complaint that was part of a state court foreclosure action based on federal question jurisdiction).  That issue is not currently before the Court.

counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction," Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-32 (2002) (explaining that "[a]llowing a counterclaim to establish 'arising under' jurisdiction would [] contravene the longstanding policies underlying our precedents," as "[i]t would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim"); and

The Court therefore finding that defendants' removal of plaintiff's complaint based on 28 U.S.C. § 1331 is improper, see also Green Tree Servicing LLC v. Dillard, --- F.3d ---, 2015 WL 849044 (D.N.J. 2015) (dismissing removed foreclosure complaint for lack of subject matter jurisdiction despite defendants' contention that the litigation would require the consideration of disputed federal questions because the face of the plaintiff's complaint did not identify any federal question); but

The Court also recognizing that defendants contend that removal under 28 U.S.C. § 1332(a) is proper because diversity of citizenship exits between the parties; and

Defendants stating that plaintiff is a citizen of Pennsylvania and defendants are citizens of New Jersey; but

Section 28 U.S.C. § 1441(b)(2) providing, "A civil action

3

otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"; and

Defendants identifying themselves as citizens of New Jersey[2] (see Notice of Removal, Docket No. 1 at 3 ¶ 5), and they are therefore barred from removing their case to federal court based on the forum defendant rule;

Accordingly,

**IT IS HEREBY** on this ___13th___ day of ___July___, 2015

**ORDERED** that the action be, and the same hereby is, **REMANDED** to the New Jersey Superior Court, Chancery Division, Burlington County.

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

[2] The citizenship of defendant Beech Wood Hart Ventures, LLC is not properly identified because its members have not been identified, see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (in a case in which a party to the action is a limited liability company, the citizenship of an LLC is determined from the citizenship of each of its members), but it is clear that the individual defendants, by their own averments, are citizens of New Jersey.